BARTON, KLUGMAN & OETTING LLP
Tod V. Beebe, A Professional Corporation (SBN 100265)
Terry L. Higham, APLC (SBN 150726)
350 South Grand Avenue, Suite 2200
Los Angeles, CA 90071-3454
Telephone: 213-621-4000
Facsimile: 213-625-1832
E-mail: tbeebe@bkolaw.com
E-mail: t.higham@bkolaw.com

Attorneys for Defendant
JPMorgan Chase Bank, N.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOHN SLOATMAN, III,

Plaintiff,

vs.

JPMORGAN CHASE BANK, and CHEX SYSTEMS, INC.

Defendants.

Case No.

**NOTICE OF REMOVAL OF ACTION**

**[28 U.S.C. § 1441 (FEDERAL QUESTION – 28 U.S.C. § 1331)]**

TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant JPMorgan Chase Bank, N.A. hereby removes this action to the United States District Court for the Central District of California and from the Superior Court for the State of California, for Los Angeles County. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof Defendant JPMorgan Chase Bank, N.A. presents the following:

1. On July 21, 2016, Plaintiff John Sloatman ("Plaintiff") commenced an action in the Superior Court of the State of California, County of Los Angeles, styled *John Sloatman, III, vs. JPMorgan Chase Bank and Chex Systems, Inc.*, where it was assigned Case No. EC065510 ("State Court Action").



BARTON, KLUGMAN & OETTING LLP
350 SOUTH GRAND AVENUE, SUITE 2200
LOS ANGELES, CALIFORNIA 90071-3485
TELEPHONE (213) 621-4000

2. The first date upon which Defendant JPMorgan Chase Bank, N.A. received a copy of was July 29, 2016, when Plaintiff served Defendant JPMorgan 1 with a copy of the complaint and summons. Removal is timely because thirty (30) days have not elapsed since Defendant was served with a summons or initial pleading. *See* 28 U.S.C. § 1446(b)(1).

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) and (c) in that it involves claims for relief under 16 U.S.C. § 1681 (Fair Credit Reporting Act), 47 U.S.C § 227 (Telephone Consumer Protection Act) and 20 CFR ¶ 404.970 SSA 79-4 (Social Security Act).

4. All other defendants who have been served with a Summons and Complaint have joined in this Notice of Removal, as evidenced by the Joinder of Defendant Chex Systems, Inc. filed concurrently herewith.

5. Defendant JPMorgan Chase Bank, N.A is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the clerk of the Los Angeles County Superior Court, and will serve a copy of the Notice of Removal on Plaintiff.

6. Defendant JPMorgan Chase Bank, N.A. is also filing contemporaneously with this Notice, a civil cover sheet that complies with LR 3-1 and a separately signed certificate of interested persons and disclosure statement that complies with Rule 7.1 of the Fed. R. Civ. Pro.

7. The pleadings filed to date in the State Court Action are identified and described as follows:

a. "Summons and Complaint" filed by Plaintiff in the State Court Action on July 21, 2016. A true and correct copy is attached as Exhibit "1."

b. "Civil Case Cover Sheet and Addendum" filed by Plaintiff in the State Court Action on July 21, 2016. A true and correct copy is attached as Exhibit "2."

BARTON, KLUGMAN & OETTING LLP
350 SOUTH GRAND AVENUE, SUITE 2200
LOS ANGELES, CALIFORNIA 90071-3485
TELEPHONE (213) 621-4000

c. "OSC re Failure to File Proof of Service" filed by the Court in the State Court Action on July 21, 2016. A true and correct copy is attached as Exhibit "3."

d. "Notice of Department Assignment and Case Management Conference" filed by the Court in the State Court Action on July 21, 2016. A true and correct copy is attached as Exhibit "4."

Attached here as Exhibit "5" is a true and correct copy of the Case Report (docket) for the State Court Action, as it existed on August 29, 2016. This document is publicly available from the Los Angeles County Superior Court via its website at http://www.lacourt.org/casesummary/ui/casesummary.aspx?

WHEREFORE, for all these reasons, Defendant JPMorgan Chase Bank, N.A. respectfully prays that this State Court Action be removed to the United States District Court for the Central District of California. Nothing in this Notice of Removal shall be interpreted as a waiver or a relinquishment of Defendant JPMorgan Chase Bank, N.A.'s right to assert any other defense or any affirmative matter.

BARTON, KLUGMAN & OETTING LLP
350 SOUTH GRAND AVENUE, SUITE 2200
LOS ANGELES, CALIFORNIA 90071-3485
TELEPHONE (213) 621-4000

Dated: August 29, 2016

BARTON, KLUGMAN & OETTING LLP

By: ______________________
Tod V. Beebe
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

W:\Working\beebe\JP Morgan Chase\Sloatman\Federal\Pldgs\1608286121.1.Notice of Removal Federal Court.doc

EXHIBIT 1

7-29-16 @ 2:25

COPY

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
JPMORGAN CHASE BANK and CHEX SYSTEMS, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
JOHN SLOATMAN III

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 21 2016

Sherri R. Carter, Executive Officer/Clerk
BY [signature], Deputy
Heidi Hankins

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Los Angeles Glendale
300 East Olive 500 E. Broadway, Glendale, CA 91206
Burbank, CA 91502 For all further proceedings.

CASE NUMBER: *(Número del Caso):* EC 065510

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

DATE: *(Fecha)* JUL 21 2016 SHERRI R. CARTER EXECUTIVE OFFICER/CLERK Clerk, by *(Secretario)* M. HANKINS, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: JPMorgan Chase Bank

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☒ by personal delivery on *(date)*: 7-29-16



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

BY FAX

COPY

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 21 2016

Sherri R. Carter, Executive Officer/Clerk
BY ______, Deputy
Heidi Hankins

**Todd M. Friedman (216752)**
**Law Offices of Todd M. Friedman, P.C.**
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@toddflaw.com**
**Attorneys for Plaintiff**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF LOS ANGELES**
**UNLIMITED JURISDICTION**

JOHN SLOATMAN III,

Plaintiff,

-vs-

JPMORGAN CHASE BANK and CHEX SYSTEMS, INC.,

Defendants.

CASE NO.: EC 065510

COMPLAINT FOR MONEY, INJUNCTIVE AND DECLARATORY RELIEF

1. Violation of Fair Credit Reporting Act
2. Violation of the California Consumer Credit Reporting Agencies Act
3. Violation of the Rosenthal Fair Debt Collection Practices Act
4. Violation of the Telephone Consumer Protection Act
5. Common Law Conversion
6. Common Law Fraud
7. Breach of Contract
8. Violation of 20 CFR 404.970 SSR 79-4
9. Unfair Business Practices

JURY TRIAL DEMANDED

(Damages to Exceed $25,000)

BY FAX

Case assigned to North Central District-Glendale
600 E. Broadway, Glendale, CA 91206
For all further proceedings.

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 (hereinafter "FCRA") and the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25 (a) (hereinafter "CCRA"), both of which regulate the collection, dissemination, and use of consumer information, including consumer credit information; Defendants' violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. In addition, Plaintiff brings this action against Defendants for Common Law Conversion, Fraud, and Breach of Contract; Defendants' violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"); and Defendants' violations of 20 CFR 404.970 SSR 79-4. Further, Defendants' actions as described hereto constitute Unfair Business Practices in violation of the California Business and Professions Code §17200 (hereinafter "CBPC")

## II. PARTIES

2. Plaintiff, John Sloatman III ("Plaintiff"), is a natural person residing in Los Angeles county in the state of California, and is a "debtor" as defined by Cal Civ Code §1788.2(h), is a "consumer" as defined by 15 U.S.C. §1681a, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

3. At all relevant times herein, Defendant JPMORGAN CHASE BANK (hereinafter "Defendant Chase"), regularly provides information to consumer reporting agencies and is therefore "information furnisher" as defined by the FCRA and CCRA. At all relevant times, Defendant Chase was a "person" as that term is defined by 15 U.S.C. §1681a(b) and as defined by *47 U.S.C. § 153 (39)*.

4. At all relevant times herein, Defendant CHEX SYSTEMS, INC. (hereinafter "Defendant Chex Systems"), is company engaged in providing credit information and a consumer reporting agencies as defined by the FCRA and CCRA. At all relevant times, Defendant Chex Systems was a "person" as that term is defined by 15 U.S.C. §1681a(b).

5. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

## III. FACTUAL ALLEGATIONS

6. In or around 2011, Defendant Chase obtained possession of an account that Plaintiff previously had with a third party, Washington Mutual, ("The Account").

7. Prior and subsequent to Defendant Chase obtained possession of The Account, Plaintiff would deposit checks that he would receive from the Department of Veteran Affairs for his Veteran Affairs Benefits.

8. At no point did Plaintiff hold any funds in The Account other than those from the Department of Veteran Affairs for his Veteran Affairs Benefits or for his Social Security.

9. Subsequent to Defendant Chase obtaining possession of Plaintiff's account, Defendant Chase started charging Plaintiff for additional fees that Plaintiff never agreed to or owed.

10. Defendant Chase began deducting these additional fees from Plaintiff's account that Plaintiff did not owe, until The Account had no more funds and The Account was closed.

11. Subsequent to The Account closure, the Department of Veteran Affairs continued to attempt to deposit Plaintiff's Veteran Affairs Benefits into The Account.

12. Despite The Account being closed, Defendant Chase took Plaintiff's check from the Department of Veteran Affairs and used the funds to pay themselves for the funds illegally charged to Plaintiff and to a third party, Bank of America, who Plaintiff had an account with.

13. Plaintiff never agreed to pay the additional fees nor did Plaintiff agree to allow Defendant Chase to use his Veteran Affairs Benefits to pay any fees whatsoever.

14. Despite this, Defendant Chase made various phone calls to Plaintiff regarding an alleged debt of these fees, and contacted Plaintiff's cell phone number ending in -1000. Defendant Chase has made numerous harassing calls to Plaintiff; Plaintiff had also advised multiple times, including orally and in writing, for Defendant Chase to stop making phone calls, but Defendant Chase fails to cease the calls.

15. Defendant Chase made enough calls to be considered harassment, and thus caused high levels of stress to Plaintiff.

16. Defendant Chase used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)*, to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

17. Defendant Chase's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

18. Defendant Chase's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incur a charge for incoming calls pursuant to *47 U.S.C. §227(b)(1)*.

19. In addition, at various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant Chase reported derogatory information on Plaintiff's credit report with Defendant Chex Systems

reporting that Plaintiff owed an outstanding balance for the fees mentioned above. Plaintiff requested in writing from both Defendants a validation of the debt but never received one.

20. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5)

21. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code § 1788.11(d));

b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e));

c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

e) Falsely representing the character, amount, or legal status of Plaintiff's debt (§ 1692e(2)(A));

f) After having received a written communication from Plaintiff disputing the debt, continuing to contact Plaintiff without having first having provided validation of the debt (§ 1692g(b));

g) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d)); and,

h) Violation of the Fair Credit Reporting Act (FCRA) and the California Consumer Credit Reporting Agencies Act

22. Further, Defendant Chase has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit

reporting agencies, including and Defendant Chex Systems, as that term is defined by 15 U.S.C. 1681a(f). Plaintiff informed both Defendants that this information was inaccurate in writing.

23. Defendant Chase is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

24. As a result of Defendants' inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score decreased. Plaintiff was and/or will be denied future loans due to the derogatory items placed by Defendants on Plaintiff's credit report.

25. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

26. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

27. Plaintiff has been damaged, and continues to be damaged, in the following ways:

a. Denial of at least two credit lines;
b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and
c. Decreased credit score which may result in inability to obtain credit on future attempts.

28. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

29. At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

30. Defendants violated sections 1681n and 1681o of the FCRA, and sections of the CCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

31. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

32. Further, Defendants failed to notify Plaintiff of their intention to report negative information on their credit reports. Defendants then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

33. As a result of the above violations of the RFDCPA, FCRA, TCPA, and CCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**COUNT I: VIOLATION OF THE FAIR CREDIT REPORTING ACT**

(Plaintiff against both Defendants)

35. Plaintiff reincorporates by reference all of the preceding paragraphs.

36. To the extent that Defendants' actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Actual damages as proven;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees; and,

D. For such other and further relief as may be just and proper

**COUNT II: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**

(Plaintiff against both Defendants)

37. Plaintiff reincorporates by reference all of the preceding paragraphs.

38. To the extent that Defendants' actions, counted above, violated the CCRA, those actions were done knowingly and willfully.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Actual damages as proven;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees; and,
D. For such other and further relief as may be just and proper

**COUNT III: VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

(Plaintiff against Defendant Chase)

39. Plaintiff reincorporates by reference all of the preceding paragraphs.

40. To the extent that Defendant Chase's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant Chase for the following:

A. Actual damages as proven;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees; and,
D. For such other and further relief as may be just and proper

**COUNT IV: TELEPHONE CONSUMER PROTECTION ACT**

(Plaintiff against Defendant Chase)

41. Plaintiff reincorporates by reference all of the preceding paragraphs.

42. To the extent that Defendant Chase's actions, counted above, violated the TCPA, those actions were done knowingly and willfully.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant Chase for the following:

A. Actual damages as proven;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees; and,
D. For such other and further relief as may be just and proper

**COUNT V: COMMON LAW CONVERSION**

(Plaintiff against Defendant Chase)

43. Plaintiff reincorporates by reference all of the preceding paragraphs.

44. To the extent that Defendant Chase's actions, counted above, constitute Common Law Conversion, those actions were done knowingly and willfully.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant Chase for the following:

A. Actual damages as proven;
B. Punitive damages;
C. Restitution; and,
D. For such other and further relief as may be just and proper

**COUNT VI: COMMON LAW FRAUD**

(Plaintiff against Defendant Chase)

45. Plaintiff reincorporates by reference all of the preceding paragraphs.

46. Defendant Chase falsely represented the character of Plaintiff account and Plaintiff's funds.

47. To the extent that Defendant Chase's actions, counted above, constitute Common Law Fraud, those actions were done knowingly and willfully.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant Chase for the following:

A. Actual damages as proven;
B. Punitive damages;
C. Restitution; and,
D. For such other and further relief as may be just and proper

**COUNT VII: BREACH OF CONTRACT**

(Plaintiff against Defendant Chase)

48. Plaintiff reincorporates by reference all of the preceding paragraphs.

49. Plaintiff's account was originally opened with a third party that did not charge Plaintiff for additional fees.

50. When Defendant Chase took over the account, Defendant Chase began charging Plaintiff and taking money outside of the original agreement that Plaintiff had.

51. To the extent that Defendant Chase's actions, counted above, constituted a Breach of Contract, those actions were done knowingly and willfully.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant Chase for the following:

A. Actual damages as proven;
B. Restitution; and,
C. For such other and further relief as may be just and proper

**COUNT VIII: VIOLATION OF 20 CFR 404.970 SSR 79-4**

(Plaintiff against Defendant Chase)

52. Plaintiff reincorporates by reference all of the preceding paragraphs.

53. In relevant part, 20 CFR 404.970 SSR 79-4 states:

> "Generally, social security benefits are exempt from execution, levy, attachment, garnishment, or other legal process, or from the operation of any bankruptcy or insolvency law...
>
> 'The right of any person to any future payment under this title shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this title shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.'" Levy & Garnishment of Benefits, SSR 79-4 (S.S.A. 1979).

54. To the extent that Defendant Chase's actions, counted above, violated 20 CFR 404.970 SSR 79-4, those actions were done knowingly and willfully.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages as proven;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees; and,
D. For such other and further relief as may be just and proper

**COUNT IX: VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200**

(Plaintiff against Both Defendants)

55. Plaintiff reincorporates by reference all of the preceding paragraphs.

56. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendants' conduct caused or was likely to cause substantial

injury. It is insufficient for a plaintiff to show merely that the defendants' conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

UNFAIR

57. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendants' acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

58. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

59. Here, Defendants' conduct has caused and continues to cause substantial injury to Plaintiff. Moreover, Defendants' conduct as alleged herein solely benefits Defendants while providing no benefit of any kind to Plaintiff. Such deception utilized by Defendants convinced Plaintiff that he owed additional funds and took deceptive and unlawful steps to secure additional monies from Plaintiff.

60. Finally, the injury suffered by Plaintiff that these he could reasonably have avoided. After Defendants falsely represented to Plaintiff that he owed additional money, Plaintiff suffered injury in fact. Defendants failed to take reasonable steps to inform Plaintiff. As such, Defendants took advantage of Defendants' position of perceived power in order to deceive Plaintiff. Therefore, the injury suffered by Plaintiffs is not an injury which Plaintiff could reasonably have avoided.

61. Thus, Defendants' conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

FRAUDULENT

62. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

63. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

64. Here, not only was Plaintiff likely to be deceived, but Plaintiff was actually deceived by Defendants. Such deception is evidenced by the fact that Plaintiffs was not aware that he was not responsible for the additional charges until recently. Plaintiffs' reliance upon Defendants' deceptive statements is reasonable due to the unequal bargaining powers of Defendants and Plaintiff. For the same reason, it is likely that Defendants' fraudulent business practice would deceive other members of the public

65. As explained above, Defendants deceived Plaintiff by representing its services as being free, falsely represented these services to Plaintiff

66. Thus, Defendants' conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

UNLAWFUL

67. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful...business act or practice."

68. Defendants used false misrepresentations to induce Plaintiff to pay fees he did not owe. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff.

69. These representations by Defendants are therefore an "unlawful" business

practice or act under Business and Professions Code Section 17200 *et seq*.

70. Defendants have thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff to judgment and equitable relief against Defendants. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff seeks an order requiring Defendants to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendants to correct its actions

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Actual damages as proven;
B. Statutory damages for willful and negligent violations;
C. Restitution;
D. Punitive Damages;
E. Costs and reasonable attorney's fees; and,
F. For such other and further relief as may be just and proper
G.

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

Respectfully submitted this 21st day of July, 2016

By: ______________
Todd M. Friedman
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

BLUEBIRD (888) 471-0700

EXHIBIT 2

# COPY

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Todd M. Friedman, Esq. SBN 216752
Law Offices of Todd M. Friedman
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
TELEPHONE NO.: 877-206-4741 FAX NO.: 866-633-0228
ATTORNEY FOR (Name): Plaintiff, JOHN SLOATMAN III

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 21 2016

Sherri R. Carter, Executive Officer/Clerk
BY ____, Deputy
Heidi Hankins

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 300 East Olive
MAILING ADDRESS: 300 East Olive
CITY AND ZIP CODE: Burbank, CA 91502
BRANCH NAME:

Case assigned to North Central District-Glendale 600 E. Broadway, Glendale, CA 91206 for all further proceedings.

CASE NAME:
JOHN SLOATMAN III v. JPMORGAN CHASE BANK et al.

**CIVIL CASE COVER SHEET**

☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**

☐ Counter ☐ Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: EC 065510

JUDGE:

DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (*not specified above*) (43)

BY FAX

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action (*specify*): 9
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: July 21 2016
Todd M. Friedman
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

COPY

| SHORT TITLE: JOHN SLOATMAN III v. JPMORGAN CHASE BANK et al. | CASE NUMBER EC 065510 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ✓YES CLASS ACTION? YES LIMITED CASE? YES TIME ESTIMATED FOR TRIAL 2-3 HOURS/✓DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.3.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

BY FAX

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

| SHORT TITLE: JOHN SLOATMAN III v. JPMORGAN CHASE BANK et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☑ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 2., 5., 6, 11<br>2., 5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels_______ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |





| SHORT TITLE: JOHN SLOATMAN III v. JPMORGAN CHASE BANK et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE: JOHN SLOATMAN III v. JPMORGAN CHASE BANK et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. ☐ 1. ☐ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | | | ADDRESS: 4344 Beck Ave. |
|---|---|---|---|
| CITY: Studio City | STATE: CA | ZIP CODE: 91604 | |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Burbank courthouse in the North Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd.(a).

Dated: July 21, 2016

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

BLUEBIRD

EXHIBIT 3

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | | RESERVED FOR CLERK FILE STAMP<br>CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br>JUL 21 2016<br>Sherri R. Carter, Executive Officer/Clerk<br>BY [signature], Deputy<br>Heidi Hankins |
|---|---|---|
| | North Central District<br>600 East Broadway<br>Glendale, CA 91206 | |
| NOTICE OF ORDER TO SHOW CAUSE RE FAILURE TO COMPLY WITH TRIAL COURT DELAY REDUCTION ACT | | CASE NUMBER: EC 065510 |

**TO THE PLAINTIFF(S) AND/OR THEIR ATTORNEY(S) OF RECORD:**

Pursuant to California Rules of Court, Rule3.110, all complaints shall be served and a proof of service thereof shall be filed within 60 days of the date the complaint is filed, unless the defendant makes an appearance within that 60 days. Plaintiff's failure to meet this deadline may result in sanctions.

PLEASE TAKE NOTE that this matter is set for an Order to Show Cause why the plaintiff should not be sanctioned for failure to comply with the rules described above on:

| Date: OCT 05 2016 | Time: 8:30 am | Dept.: GLENDALE NC - (D) / E |
|---|---|---|
| Address: 600 EAST BROADWAY, GLENDALE, CA 91206 | | |

At such time and place, the Court may (1) impose such sanctions as are authorized by law, including dismissal for failure to prosecute (Code of Civil Procedure Section 583.150 and Government Code Section 68608(b)) and (2) make further appropriate orders regarding the preparation of the case for trial.

PLEASE TAKE FURTHER NOTICE that no appearance is necessary at the hearing set forth above if there is (1) a proof of service filed and/or (2) an appearance in the action (i.e. by answer, demurrer, or motion contesting jurisdiction) by each named defendant BEFORE the date set for hearing. Plaintiff's appearance is MANDATORY, however, if any named defendants remain unserved at the date set for the hearing.

Date: JUL 21 2016

Judge of the Superior Court
DARRELL MAVIS

CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the NOTICE OF ORDER TO SHOW CAUSE RE FAILURE TO COMPLY WITH TRIAL COURT DELAY REDUCTION ACT upon each party or counsel named below:

☐ By depositing in the United States mail at the courthouse in Burbank, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☒ By personally giving the party a copy of this notice upon filing of the complaint.

| | |
|---|---|
| | |

Date: JUL 21 2016

SHERRI R. CARTER, Executive Officer / Clerk

By: [signature], Deputy Clerk
H. HANKINS

BLUEBIRD OFFICE SUPPLIES (888) 477-0700 www.bluebirdonline.com

EXHIBIT 4

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: North Central District-600 E Broadway, Glendale, CA 91205 | CONFORMED COPY ORIGINAL FILED SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES JUL 21 2016 |
| PLAINTIFF: | |
| DEFENDANT: | Sherri R. Carter, Executive Officer/Clerk BY H. Hankins, Deputy |
| NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER: EC 065510 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: DEC 20 2016 | Time: 8:30 a.m. | Dept.: NC (D) E |
|---|---|---|

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to; an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: JUL 21 2016

Judicial Officer DARRELL MAVIS

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in ____________, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☑ by personally giving the party notice upon filing of the complaint.

SHERRI R. CARTER, Executive/Officer Clerk

Dated: JUL 21 2016

By ____________ Deputy Clerk H. HANKINS

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

NOTICE OF CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

# THE SUPERIOR COURT
# NORTH CENTRAL DISTRICT

## CASE NO. ~~EC 06~~5510
## TO ATTORNEY OF RECORD

**ASSIGNED TO JUDGE:**
**☒ RALPH C. HOFER / ☐ LAURA MATZ**
**FOR ALL PROCEEDINGS, IN DEPT. ☒ NC-D / ☐ NC-E**
**600 EAST BROADWAY, GLENDALE CA 91206**

---

Your case has been assigned to the Trial Delay Reduction Program in Los Angeles County Superior Court. It is your responsibility as an attorney to immediately familiarize yourself with the detailed provision of Chapter 3, Los Angeles County Superior Court Rules. A reading of this Notice does not relieve you of these rules. The following critical provisions are summarized for your assistance in avoiding immediate and severe rule violations.

**APPLICATION**
The Chapter 3 Rules shall apply to all civil cases filed in or transferred to the North Central District.

**PRIORITY OVER OTHER RULES**
All Court policy statements and policy manuals will be applicable, if appropriate, except to the extent that they are inconsistent with Chapter 3 Rules or any Orders made thereunder.

**TIME STANDARDS**
Cases filed in or transferred to the North Central District will be subject to processing under the following standards:

| | |
|---|---|
| Complaints: | All Complaints shall be served and a proof of service shall be filed within 60 days of filing. |
| Cross-Complaints: | Without leave of Court first being obtained, no cross complaint may be filed by any party after their answer is filed. Cross-complaint and a proof of service shall be filed within 30 days of the filing date. |
| Discovery Regulation: | The Court shall regulate the timing, scope and completion of all discovery, including discovery pursuant to Code of Civil Procedure Section 2034 consistent with Government Code |

BLUEBIRD (888) 477-0730

EXHIBIT 5

Case Summary

Case Number: EC062510
FISCAL CREDIT UNION VS ANDRE KHACHIKYAN ET AL

Filing Date: 05/20/2014
Case Type: Other Promissory Note/Collections (General Jurisdiction)
Status: Default Judgment per Declaration 09/10/2014

Future Hearings

None

Documents Filed | Proceeding Information

Parties

CALIFORNIA DEPARTMENT OF MOTOR VEHICLES - Defendant

FISCAL CREDIT UNION - Plaintiff

KHACHIKYAN ANDRE - Defendant

LEGAL AFFAIRS DIVISION MS C-128 DMV - Attorney for Defendant

SIMON A. LYSA - Attorney for Plaintiff

Case Information | Party Information | Proceeding Information

Documents Filed (Filing dates listed in descending order)

**09/11/2014** Notice of Entry of Judgment
Filed by Court

**09/10/2014** Default Judgment
Filed by Attorney for Plaintiff

**08/26/2014** Miscellaneous-Other (ORIGNAL LOAN DOCUMENTS )
Filed by Attorney for Plaintiff

**08/26/2014** Declaration (C.C.P. 585 OF DON TURNER IN SUPPORT OF ENTRY OF JUDGMENT BY DEFAULT )
Filed by Attorney for Plaintiff

**08/26/2014** Req for Entry of Court's Judgment (PROCESSED AND SUBMITTED )
Filed by Attorney for Plaintiff

**08/06/2014** Request for Entry of Default (REJECTED: DEFAULT ALREADY ENTERED AS TO ANDRE KHACHIKYAN )
Filed by Attorney for Plaintiff

**08/06/2014** Partial Dismissal (WITHOUT PREJUDICE DISMISSAL AS TO DOES 1 THROUGH 100, INCLUSIVE, ONLY )
Filed by Attorney for Plaintiff

**08/06/2014** Req for Entry of Court's Judgment (THE JUDGMENT MAY NOT BE GREATER THAN THE PRAYER AMOUNT IN THE PRAYER IN THE COMPLAINT )
Filed by Attorney for Plaintiff

**07/11/2014** Request for Entry of Default
Filed by Attorney for Plaintiff

27

**07/11/2014** Default Entered
Filed by Attorney for Plaintiff

**07/09/2014** Order (SIGNED )
Filed by Attorney for Defendant

**06/27/2014** Stipulation (RE WAIVER OF APPEARANCE BY AND OF MONETARY RECOVERY AGAINST DEFT DEPT OF MOTOR VEHICLES )
Filed by Attorney for Defendant

**06/17/2014** Proof-Service/Summons
Filed by Attorney for Plaintiff

**05/20/2014** Complaint filed-Summons Issued (RECEIPT NUMBER: BUR250605007 )
Filed by Attorney for Plaintiff

**05/20/2014** Summons Filed
Filed by Attorney for Plaintiff

Case Information | Party Information | Documents Filed

Proceedings Held (Proceeding dates listed in descending order)

**07/16/2014** at 08:30 am in Department NCGD, John P. Doyle, Presiding
Order to Show Cause (FAILURE TO COMPLY WITH TRIAL COURT DELAY REDUCTION ACTadvanced from 08/14/14) - **OSC Discharged**

Case Information | Party Information | Documents Filed | Proceeding Information